[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2007
THOMAS K. KAHN
CLERK

No. 06-15994
Non-Argument Calendar

_____

D. C. Docket No. 06-00012-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MILTON HARGRAVES BAXLEY, II,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 24, 2007)**

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Milton Hargraves Baxley, II, appeals his convictions and sentences for two counts of criminal contempt for violating a court order, each act in violation of 18 U.S.C. § 401(3). Baxley asserts five errors on appeal: (1) the criminal contempt statute is unconstitutionally vague, (2) the district court erred by refusing to give his proposed jury instructions, (3) the district court erred by not granting a new trial due to prosecutorial misconduct, (4) the United States does not have jurisdiction over him or the acts for which he was convicted, and (5) his sentence is unreasonable. We address each argument in turn, and affirm Baxley's convictions and sentences.

## I. DISCUSSION

A. *Constitutionality of 18 U.S.C. § 401(3)*

Baxley contends 18 U.S.C. § 401(3) is unconstitutionally void for vagueness because the average person could not determine from the statute whether a prohibited action is a civil infraction, a misdemeanor, or a felony, and the statute does not define the terms "misbehavior," "disobedience," "resistance," or "lawful."

"We review a district court's conclusions as to the constitutionality of a challenged statute *de novo*." *United States v. Eckhardt*, 466 F.3d 938, 943 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 1305 (2007). A criminal statute may be invalidated for vagueness "if it either (1) fails 'to provide the kind of notice that

will enable ordinary people to understand what conduct it prohibits' or (2) authorizes or encourages 'arbitrary and discriminatory enforcement.'" *Id.* at 944 (quoting *City of Chicago v. Morales*, 119 S. Ct. 1849, 1859 (1999)). The challenged statute provides "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority . . . as [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). The words in the statute derive their meanings from "judicial decisions, common law, dictionaries, and the words themselves because they possess a common and generally accepted meaning." *Eckhardt*, 466 F.3d at 944 (quotations omitted).

The criminal contempt statute, 18 U.S.C. § 401(3), is not void for vagueness.[1] We find unpersuasive Baxley's argument that § 401(3) is vague because the statute does not clarify what conduct constitutes civil disobedience and what conduct is punishable criminally. As the Eighth Circuit has noted, the statute is listed amongst "Crimes and Criminal Procedure" in Title 18 of the United States Code, and case law has established that it provides the authority for punishing

---

[1] In addition to his vagueness argument, Baxley alleges for the first time on appeal that § 401(3) is overly broad because it allows the court to punish him for constitutionally protected free speech. It is within our discretion not to address a constitutional issue raised for the first time on appeal. *United States v. Wright*, 392 F.3d 1269, 1280 (11th Cir. 2004). Baxley only mentions his overbreadth argument in passing and does not explain how the statute is overbroad, nor cite any authority supporting his argument, therefore, we use our discretion not to address this issue.

3

criminal contempt. *United States ex rel. Shell Oil Co. v. Barco Corp.*, 430 F.2d 998, 1000 (8th Cir. 1970). That court also concluded a plain reading of the statute puts an ordinary individual on notice that Section 401(3) authorizes a court to "punish" an individual who disobeys a court order. *Id.* Moreover, the Eighth Circuit was "not persuaded that 401 is rendered unconstitutionally vague solely because violators of its prohibitions may be subject to civil contempt in addition or as an alternative to criminal contempt," because "[i]t is not . . . necessary that the actor, at the time he contemplates the act, be certain as to which of the appropriate sanctions will be invoked." *Id.* at 1000-01. We agree, and hold an ordinary person would comprehend the proscribed conduct may be criminally punished.

Equally unpersuasive is Baxley's argument the statute does not define the terms it uses. Baxley argues the statute does not define "disobedience" or "resistance," however, the common and generally accepted meanings of these terms provide sufficient notice to an ordinary person that non-compliance with a "lawful" court order is subject to contempt. Baxley invokes the First Amendment to challenge the district court's preliminary injunction was not "lawful." We have construed "the terms 'lawful writ, process, order, rule, decree, or command' to be instruments entered by a court or pursuant to its authorization." *United States v. Bernardine*, 237 F.3d 1279, 1282 (11th Cir. 2001). Under this definition, the

4

preliminary injunction entered by the district court was a "lawful" order entered pursuant to its authority. This definition is consistent with our holding in *In re Timmons* that "[t]he validity of a criminal contempt conviction resulting from violation of a court order . . . does not turn on the validity of that order, even if that order is later found to have infringed constitutional rights." *In re Timmons*, 607 F.2d 120, 124-25 (5th Cir. 1979) (citations omitted).[2] Thus, an ordinary person would have understood with reasonable specificity that he could not violate the injunction, even if he believed it was unconstitutional.

B. *Jury Instructions*

Baxley contends by not granting his proposed jury instructions, the district court provided the jury with no guidance "on the law that an injunction cannot be used to prohibit the exercise of the fundamental right of freedom of speech guaranteed by the Constitutions."

We review a district court's refusal to grant requested jury instructions for abuse of discretion. *United States v. Dulcio*, 441 F.3d 1269, 1275 (11th Cir. 2006). In order to establish reversible error, "a defendant must show that the instruction: (1) was a correct statement of the law; (2) was not adequately covered in the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

instruction given to the jury; (3) concerned an issue so substantive that its omission impaired the accused's ability to present a defense; and (4) dealt with an issue properly before the jury." *Id.* (quotations omitted).

Baxley's requested instructions dealt with an issue that would not have properly been before the jury. As stated above, "[t]he validity of a criminal contempt conviction resulting from violation of a court order . . . does not turn on the validity of that order, even if that order is later found to have infringed constitutional rights." *In re Timmons*, 607 F.2d at 124-25 (citations omitted). Whether an underlying injunction is invalid does "not justify the contempt" that results from actions taken in disregard of the court order. *Id.* at 125. Thus, it would have been improper for the jury to consider whether the injunction violated Baxley's protected speech and the district court's refusal to grant Baxley's instructions was not an abuse of discretion.

C. *Prosecutorial Misconduct*

Baxley asserts the prosecutor engaged in misconduct demanding a new trial when he asked Baxley on cross-examination whether it was true that he had not filed a federal tax return since 1994 nor paid taxes since 1995, and whether he had been sanctioned by courts for filing frivolous pleadings. Baxley alleges the

6

prosecutor compounded the error by mentioning his failure to file a tax return or pay income tax during closing arguments.

We review a claim of prosecutorial misconduct *de novo* because it is a mixed question of law and fact. *Eckhardt*, 466 F.3d at 947. A conviction is reversible for prosecutorial misconduct if the remarks were improper and prejudicially affected the substantial rights of the defendant. *Id.* We will consider a defendant's substantial rights to have been affected only when "the outcome of the trial would have been different." *Id.* "[R]eversal is only warranted if the entire trial is so replete with errors that [the defendant] was denied a fair trial," and "[w]hen the record contains sufficient independent evidence of guilt, any error is harmless." *Id.*

Even were we to deem the questions and remarks of the prosecutor to be inappropriate, Baxley would not be entitled to a new trial because his substantial rights were not affected by the statements. To convict Baxley of criminal contempt, the Government had the burden to prove "(1) that the court entered a lawful order of reasonable specificity; (2) the order was violated; and (3) the violation was willful." *Bernardine*, 237 F.3d at 1282 (quotations omitted). The Government introduced the preliminary injunction forbidding Baxley from filing any communication with the IRS and evidence that Baxley thereafter helped two

7

individuals prepare letters for the IRS. Baxley testified he did not willfully violate the injunction, however, a testifying defendant "runs the risk that if disbelieved the jury might conclude the opposite of his testimony is true." *United States v. Williams*, 390 F.3d 1319, 1325 (11th Cir. 2004) (quotations omitted). The record contained sufficient evidence to convict Baxley, and his substantial rights were not affected by any alleged prosecutorial misconduct.

D. *Jurisdiction*

Baxley contends the Constitution does not authorize Congress to enact § 401(3), nor allow the Government to charge him with violating that statute. According to Baxley, the United States may only prosecute criminal cases on lands owned by the United States and not within the territorial boundaries of the states, except where states have ceded jurisdiction to the federal government.

Baxley relies on an interpretation of federal jurisdiction identical in all relevant respects to one that we have previously described as "utterly without merit," which is that the federal government has jurisdiction only over Washington D.C., federal land expressly ceded to the federal government by the states, and territories and possessions of the United States. *United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir. 1987). As stated in *Ward*, Baxley's argument is utterly without merit.

8

E. *Sentencing*

Baxley asserts the district court applied an unreasonable sentence, at variance with other individuals convicted of criminal contempt, "in order to send a message to the so-called 'tax protest community' across the country."

We review for reasonableness a defendant's ultimate sentence, imposed after the district court has consulted the Guidelines and considered the factors set forth at 18 U.S.C. § 3553(a). *United States v. Pope*, 461 F.3d 1331, 1333 (11th Cir. 2006). We are deferential to the district court and note that Baxley bears the burden of establishing his sentence is unreasonable in light of the record and the § 3553(a) sentencing factors. *Id.*. The sentencing factors to be considered include "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," the applicable Guideline range, and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).

Baxley's sentences are reasonable. The court correctly calculated Baxley's applicable Guidelines range as 15-21 months' imprisonment. The Government argued for sentences at the upper end of the range (1) because Baxley was an attorney, and (2) to deter the tax protestor community following Baxley's case on

9

the Internet and "show that the court takes violations of court orders very seriously and that there are serious consequences for people who violate a court order." The deterrent effect of a sentence is an appropriate consideration for the district court. The court noted it took that argument into consideration, in addition to the other factors, and arrived at sentences in the middle of the Guidelines range. Baxley has not met his burden to show his 18-month sentences are unreasonable.

## II. CONCLUSION

The criminal contempt statute is not unconstitutionally vague. Additionally, the district court did not err by refusing to give Baxley's proposed jury instructions or by not granting a new trial due to prosecutorial misconduct. Finally, Baxley's jurisdiction argument is utterly without merit and his sentences are reasonable. Accordingly, we affirm Baxley's convictions and sentences for criminal contempt.

**AFFIRMED.**